**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCOS MORALES-HERRERA, aka Marcos Morales-Chan,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70625<br><br>Agency No. A095-120-545<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and O'CONNELL,[***] District Judge.

Petitioner Marcos Morales-Herrera, a native and citizen of Guatemala,

petitions for review of an adverse decision of the Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]      The Honorable Beverly Reid O'Connell, United States District Judge for the Central District of California, sitting by designation.

("BIA"). The BIA held that Petitioner was not entitled to withholding of removal or protection under the Convention Against Torture ("CAT"). We deny the petition.

1. The BIA did not err by failing to determine conclusively whether physically disabled people or indigenous people constitute a "particular social group." Petitioner is disabled and is ethnically indigenous. The BIA assumed, without deciding, that Petitioner therefore belongs to a "particular social group." But the BIA concluded that Petitioner had failed to demonstrate that the rape he suffered in the past, or the retaliation he fears in the future, was or will be "on account of" his disability or ethnicity. We review for substantial evidence. Ling Huang v. Holder, 744 F.3d 1149, 1152 (9th Cir. 2014). The BIA permissibly found that Petitioner was a victim of random criminal violence in the past and that his fear is of general violence in his home country in the future.

2. The BIA did not err in characterizing the degree of economic hardship that constitutes persecution. We review de novo the BIA's legal conclusions, though we may afford some deference to the agency's interpretation of the statutes that it administers. Pirir-Boc v. Holder, 750 F.3d 1077, 1081 (9th Cir. 2014). The BIA's decision here is consistent with its precedential case of In re T-Z-, 24 I. & N. Dec. 163 (B.I.A. 2007), which discussed the extreme nature of persecution and

2

adopted the term "severe" in connection with economic deprivation. And, as a factual matter, the BIA permissibly concluded under that standard that the economic deprivation Petitioner suffered in the past and would face again if returned to Guatemala is not disproportionate to the general economic difficulties faced by the populace there.

3. The BIA did not err by failing to consider the cumulative effect of the harm that Petitioner faced, and might face again, in Guatemala. See Krotova v. Gonzales, 416 F.3d 1080, 1084–87 (9th Cir. 2005) (discussing cumulative effect of different harms). Although the BIA's decision did not expressly describe a cumulative analysis, its discussion is reasonably read to mean that the BIA considered not only each individual harm, but also the cumulative effect of the different harms.

4. Finally, the BIA ruled that Petitioner is not eligible for CAT relief because he did not show that he more likely than not would be tortured by, or with the acquiescence of, the Guatemalan government. He does not challenge that conclusion.

**PETITION DENIED**.